IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-47,417-02 AND WR-47,417-03





EX PARTE HOWARD PAUL GUIDRY







ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 1073163 IN THE 230TH DISTRICT COURT


HARRIS COUNTY




 Per Curiam. 


O R D E R



 These are post conviction applications for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 On March 21, 1997, applicant was found guilty of the capital murder of Farah Fratta,
and was sentenced to death on March 26. In 1999, this Court affirmed his conviction on
direct appeal. Guidry v. State, 9 S.W.3d 133 (Tex. Crim.App. 1999). In 2000, this Court
denied applicant's application for habeas corpus. In 2003, the federal district court granted
relief on a petition for writ of habeas corpus, ordering a new trial. Guidry v. Dretke, 2003
U.S. Dist. LEXIS 26199 (S.D. Tex. 2003) (relief based on the admission of what the district
court found to be two illegally obtained confessions to police officers). The Fifth Circuit
affirmed on January 14, 2005. Guidry v. Dretke, 397 F.3d 306 (5th Cir. 2005). In
applicant's second trial for capital murder, he was found guilty on February 22, 2007, and
was sentenced to death on March 1 of that year. We affirmed his conviction. Guidry v.
State, No. AP-75,633 (Tex. Crim. App. Oct. 21, 2009)(not designated for publication). On
January 28, 2009, applicant timely filed in the trial court his initial application for writ of
habeas corpus from his second conviction pursuant to Article 11.071. On October 25, 2010,
applicant filed a "supplemental" application for writ of habeas corpus. Both of applicant's
writs were received in this Court on April 12, 2012. In his initial writ, applicant presents
two allegations challenging the validity of his conviction and resulting sentence. The trial
court did not hold an evidentiary hearing. The trial court entered findings of fact and
conclusions of law recommending that the relief sought be denied. 

 This Court has reviewed the record with respect to the allegations made by applicant. 
We adopt the trial judge's findings and conclusions. Based upon the trial court's findings
and conclusions and our own review, we deny both allegations as procedurally barred. 

 Applicant's October 25, 2010 filing is a subsequent application that must be reviewed
under Article 11.071, Section 5(a). We have reviewed the three claims. Applicant's claims
fail to meet the dictates of Article 11.071, §5. Accordingly, we dismiss his subsequent
application. 

 IT IS SO ORDERED THIS THE 27TH DAY OF JUNE, 2012.

Do Not Publish